IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ROY V. CLEVELAND, | ) |
| *pro se* Plaintiff, | ) ) ) ) ) |
| v. | ) ) CIVIL NO. 3:11cv678-REP |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) ) |

## REPORT AND RECOMMENDATION

Roy V. Cleveland ("Plaintiff"), who proceeds *pro se*, commenced this action on October 11, 2011, seeking judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments. The Commissioner's decision was based on a finding by an Administrative Law Judge ("ALJ") that Plaintiff was not disabled as defined by the Social Security Act (the "Act") and applicable regulations. This matter is before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons discussed herein, it is the Court's recommendation that Plaintiff's Complaint (ECF No. 3) be DISMISSED without prejudice.

### I. PROCEDURAL BACKGROUND

On May 22, 2009, an ALJ issued a decision denying Plaintiff's claim for benefits. (R at 8-20.) The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner subject to judicial review by this Court.

(R. at 1-3.) On October 11, 2011, Plaintiff initiated an action for judicial review of that decision. (ECF No. 1.)

After Plaintiff served process on the Commissioner, the Court entered a Scheduling Order on February 6, 2012, directing the parties to file cross-motions for summary judgment pursuant to a briefing schedule. (ECF No. 7.) Initially, Plaintiff's motion for summary judgment was due on April 11, 2012. On April 23, 2012, Plaintiff filed a Letter Motion for Extension along with an attachment entitled Extension – Summary Motion. (ECF 11 & exh. 1.) In the attachment, Plaintiff drew a line through the word "Extension" and detailed his current illnesses. (ECF 11 exh. 1.) The Court granted Plaintiff an extension of time to file his motion for summary judgment by May 11, 2012. (ECF No. 12.) Plaintiff has not filed another motion, letter or paper with this Court.

On May 16, 2012, the Commissioner sent a letter to Plaintiff indicating that Defendant would be treating the attachment to his Letter Motion for Extension as a "response to the Court's orders of February 6 and April 26, 2012 [directing Plaintiff to file a motion for summary judgment] and supporting [his] claims in this case." (ECF No. 14.) On June 11, 2012, the Commissioner filed a Motion for Summary Judgment and Memorandum in Support as well as a Response in Opposition to Plaintiff's Motion for Extension and Summary Motion. (ECF Nos. 15 & 16.) The District Court dismissed without prejudice Defendant's Motion for Summary Judgment on July 31, 2012, "for failure to provide the plaintiff with proper notice as required by" *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1970), and Local Rule 7(K). (ECF No. 17.) In response, the Commissioner filed a *Roseboro* Notice to Plaintiff on August 1, 2012. (ECF No. 18.) More than 21 days has passed since the filing of Defendant's *Roseboro* notice, and Plaintiff has yet to file a paper, pleading or motion.

## II. STANDARD OF REVIEW

A court has the authority to dismiss an action for failure to prosecute, which is expressly recognized in Rule 41(b).[1] *Link v. Wabash R. Co.*, 370 U.S. 626, 629-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). A district court's decision to dismiss a case pursuant to Rule 41(b) is reviewed for an abuse of discretion. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). In exercising such discretion, a court must consider four factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused to the defendant; (3) the presence of any drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990).

Moreover, Rule 41(b) provides that such a dismissal "operates as an adjudication on the merits." However, the Fourth Circuit, the appellate authority governing this jurisdiction, has counseled that the district court has discretion to specify whether the dismissal is with prejudice. *Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (citations omitted).

## III. ANALYSIS

Given the lengthy period during which Plaintiff has taken no action in this case, the Court can only assume that he has decided not to pursue the matter. The only question is whether, and under what terms, the Court ought to dismiss his suit pursuant to Fed. R. Civ. P. 41(b). Applying the criteria set forth in *Ballard*, 882 F.2d at 95, as it is required to do, the Court concludes that

---

[1] Because the District Court dismissed the Commissioner's Motion for Summary Judgment and because no other motion for summary judgment has been filed with this Court by either party, the Court proceeds *sua sponte*.

dismissal without prejudice is appropriate, and recommends that the District Court enter an order to that effect.

The first factor weighs in favor of dismissal. Although Plaintiff proceeds *pro se*, he has demonstrated that he is capable of filing pleadings and moving for extensions of time. He bears the burden of bringing his case forward on appeal and demonstrating that he is entitled to relief. *See, e.g., Paige v. Astrue*, No. 3:09cv426, 2009 U.S. Dist. LEXIS 115575, at * 2 (E.D. Va. Nov. 23, 2009). He has failed to follow the Court's Scheduling Order or respond to Defendant's letters.

In contrast, Defendant has been rendered completely unable to address the merits of Plaintiff's claims because of the delay. As a result, Defendant suffers prejudice by his inability to litigate the matter at all. Thus, factor two also favors dismissal. *Ballard*, 882 F.2d at 95. In a similar vein, factor three favors dismissal because of Plaintiff's prior dilatory action. Although the Court granted his previous motion for an extension of time (ECF No. 12), Plaintiff does not possess *carte blanche* to pursue his claim at his leisure. His three months of delay after the Court reasonably accommodated his request tends to suggest that the Court should expect only further delay should the case proceed.

The fourth factor, which requires the Court to consider the effectiveness of less drastic sanctions, does not counsel against dismissal. *Ballard*, 882 F.2d at 95. However, the fourth factor counsels against dismissal with prejudice, mindful of the Fourth Circuit's instruction to fashion any available less drastic sanction. Although such a decision undermines Defendant's interest in finality, it also serves to mitigate any legal prejudice to Plaintiff, who proceeds *pro se*. *See Paige*, 2009 U.S. Dist. LEXIS 115575, at *3-4. And of course, should the applicable statute

of limitations act as a bar to Plaintiff subsequently re-filing this action, then Plaintiff's own dilatory conduct would practically render the dismissal as one with prejudice.

Considering and weighing the four factors expressed in *Ballard* results in a conclusion that the current action should be dismissed without prejudice for failure to prosecute. This decision is not prejudicial against Plaintiff as: (1) Plaintiff failed to respond to any letter or paper filed by the Commissioner; (2) the Commissioner has not been able to address the merits of Plaintiff's claim; (3) Plaintiff failed to file anything with this Court since April 2012; and (4) a dismissal without prejudice allows Plaintiff to re-file his claim, if he does so within the applicable statute of limitations. As such, this Court recommends a dismissal of Plaintiff's complaint without prejudice.

## IV. CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Plaintiff's Complaint (ECF No. 3) be DISMISSED without prejudice; and that the final decision of the Commissioner be AFFIRMED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Robert E. Payne, to all counsel of record, and to Plaintiff at his address of record.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a <u>de novo</u> review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.

/s/
David J. Novak
United States Magistrate Judge

Date: August 23, 2012
Richmond, Virginia